EXHIBIT "A"

1/26/2026 4:24 PM
Misty Thomas
DistrictClerk
Reeves County, Texas
Blanca Duenas

CAUSE NO. 26-01-26046-CVR

| | | |
|---|---|---|
| **ANTONIO QUINTANA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | 143RD **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **WALMART, INC.** | § | |
| *Defendant* | § | **REEVES COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **ANTONIO QUINTANA** (hereinafter sometimes referred to as "Quintana"), complaining of and seeking actual damages under Texas law from Defendant **WALMART, INC** (hereinafter sometimes collectively referred to as "Walmart") and for cause of action would respectfully show the Court the following:

### I.    DISCOVERY CONTROL PLAN

Discovery in this case is intended to be conducted under Discovery Control Plan Level 3 in accordance with Rule 190.4. Plaintiff requests that the court enter a Discovery Control Plan or Scheduling Order appropriate to this case.

### II.    PARTIES

Plaintiff, **ANTONIO QUINTANA**, is an individual who at all times relevant to this action, resided in Roswell, Chaves County, New Mexico, and was domiciled in the State of New Mexico.

Defendant, **WALMART, INC.** is a Delaware corporation authorized to do business in the State of Texas. Defendant **WALMART** may be served with process by serving its registered agent: C T Corporation System 1999 Bryan St., Ste. 900 Dallas, Texas 75201-3136.

Copy from re:SearchTX

### III.    <u>VENUE AND JURISDICTION</u>

Venue is proper in Reeves County, Texas, pursuant to CPRC § 15.002(a)(1) in that all or a substantial part of the events or omissions giving rise to this cause of action occurred within Reeves County, Texas, specifically at Walmart Store #898 located at 1903 S. Cedar Street, Pecos, Texas 79772.

The damages sought in the instant suit are within the jurisdictional limits of the Court.

### IV.    <u>FACTUAL BACKGROUND</u>

At all times material hereto, Defendant Walmart was the owner of the premises, a grocery store known as Walmart Store #898, located at 1903 S. Cedar Street, Pecos, Texas 79772. Defendant Walmart owns and operates this store, where it offers customers a wide array of products, goods, and services for sale. Whenever it is said that any employee, servant, agent, or representative of Defendant **Walmart** did or failed to do any act or thing, it was done in their capacity as an employee, agent, servant, or representative of Defendant **Walmart**, with full authorization or ratification of Defendant **Walmart**, and in the course and scope of their employment with Defendant **Walmart**.

This is a personal injury lawsuit arising out of an incident that occurred on or about January 31, 2024, in which Plaintiff, **ANTONIO QUINTANA**, was an invitee within Defendant Walmart's premises, a grocery store open to the public for the purpose of transacting business and Plaintiff entered said premises for the purpose of buying goods from the store. As Plaintiff entered the store, he attempted to walk down an aisle, saw water on the floor and turned left to avoid that water, but unbeknownst to him, water had been spilled in multiple locations throughout the area. As a direct result, Plaintiff slipped and fell on the water, sustaining serious, severe, and permanent injuries.

At all times relevant to this action, Defendant **Walmart's** employees, agents, servants, and

Copy from re:SearchTX

representatives were acting within the course and scope of their employment with Defendant **Walmart,** is responsible under the doctrines of *respondeat superior*, actual agency, and apparent agency.

Plaintiff's injuries occurred as a direct result of the incident described herein, which were proximately caused by Defendant's negligence.

## V.  <u>PLAINTIFF'S CLAIM OF NEGLIGENCE – PREMISES LIABLITY AND RESPONDEAT SUPERIOR AGAINST DEFENDANT WALMART</u>

Defendant WALMART, owned, operated, managed and controlled the subject premises at 1903 S. Cedar Street Pecos, Texas 79772, at the time of the incident made the basis of this suit occurred.

Plaintiff entered Defendant Walmart's premises with Defendant's express or implied invitation and for their mutual benefit, as Defendant operates its premises as a commercial establishment open to the public for the purpose of conducting retail business. Plaintiff was an invitee on Defendant's premises at the time of the incident that made the basis of this lawsuit occurred. Defendant WALMART is liable for all acts of negligence, gross negligence, and/or negligence per se committed by its employees, agents, servants, and representatives that proximately caused the injuries and damages in this case pursuant to the doctrines of respondeat superior, vicarious liability, and/or agency, because Defendant's employees, agents, servants, and representatives were acting within the course and scope of their employment and agency relationship with Defendant when the incident occurred.

Defendant **WALMART**, through its agents, servants, and employees, negligently failed to timely discover, remedy, and/or warn of the dangerous condition of water on the floor. Defendant **WALMART** is further negligent or grossly negligent in its hiring, training, supervision, retention,

Copy from re:SearchTX

and management of its employees, and in its policies, procedures, and practices regarding the maintenance of sage premises and the prompt remediation of hazardous conditions.

At all times pertinent herein, Defendant **WALMART**, and any of Defendant **WALMART** agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

a. In failing to maintain the premises in a reasonably safe condition;

b. In failing to timely discover, remove, remedy, or warn of the presence of water on the floor within reasonable time;

c. In failing to use provide adequate warnings, including but not limited to "Caution: Wet Floor" signs or other appropriate warnings, of the dangerous condition;

d. In failing to properly hire, train, supervise, retain, and manage their employees, agents, servants, and representatives regarding safety procedures, policies, and protocols for the timely discovery, remediation, and warning of hazardous conditions including but not limited to spills and wet floors;

e. In failing to implement, maintain, and enforce adequate policies, procedures, and protocols for the inspection, maintenance, and safety of the premises;

f. In failing to conduct adequate and reasonable inspections of the premises to discover and remedy dangerous conditions;

g. In failing to exercise ordinary care under the circumstances; and

h. Such other acts and omissions as may be shown by the evidence.

Each of the aforementioned negligent acts and/or omissions of and/or negligent conduct of Defendant **WALMART** constitutes negligence and was a proximate cause of the injury and damages set forth below.

Copy from re:SearchTX

## VI.    DAMAGES OF PLAINTIFF ANTONIO QUINTANA

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

      a.    Medical care expenses incurred in the past;

      b.    Reasonable and necessary medical care and expenses, which in all reasonable probability Plaintiff will incur in the future;

      c.    Physical pain and mental anguish sustained in the past;

      d.    Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

      e.    Physical Impairment in the past;

      f.    Physical Impairment that, in reasonable probability, Plaintiff will sustain in the future;

      g.    Loss of earnings in the past;

      h.    Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

      i.    Disfigurement in the past; and

      j.    Disfigurement in the future.

## VII. NOTICE PURSUANT TO RULE 193.7

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendant of Plaintiff's intent to use, at trial and/or hearing, any and all documents produced by Defendant in the above-referenced litigation.

## VIII. PLAINTIFF'S RULE 47 STATEMENT

Rule 47 of the Texas Rules of Civil Procedure requires Plaintiff to specify the monetary relief she seeks. Plaintiff, in compliance with the Rule, states that he seeks monetary relief over $1,000,000.00. Plaintiff only sets forth this amount in order to comply with the Texas Rule of Civil Procedure 47, but leaves the true value of a proper award of damages to the sound discretion of

**5 | P a g e**
O r i g i n a l   P e t i t i o n

Copy from re:SearchTX

the judge and/or jury based upon the credible evidence. Plaintiff incurred damages in excess of the minimal jurisdictional limits of the Court.

## IX.    MISNOMER/ALTER EGO

In the event that Plaintiff has misspelled the name of a party or incorrectly identified the entity, Plaintiff pleads misnomer. Alternatively, Plaintiff contends that such corporate veils should be pierced to hold such parties properly included in the interests of justice.

## X.    CONDITIONS PRECEDENT

Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff avers that all conditions precedent have been performed or have occurred, and that every notice required by law to be given has been properly and timely given to all named Defendants.

## XI.    JURY DEMAND

Plaintiff demands a trial by jury and has tendered the appropriate fee.

## XII.    INTEREST

Plaintiff seeks prejudgment and post judgment interest on all damage awards.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff **ANTONIO QUINTANA** respectfully pray that Defendant **WALMART** be cited to appear and answer herein, and that upon trial of this cause, the Plaintiff has judgment of, from, and against the Defendant, jointly and severally, for the actual damages and exemplary damages to be determined by a fair and impartial jury that has fully weighed the evidence and facts and delivered its verdict in accordance with the Judge's instructions, in amounts as set out above, together with costs of suit, pre-judgment interest, post- judgment interest, and for such other and further relief to which they may show themselves

Copy from re:SearchTX

to be justly entitled.

Respectfully submitted,

**LAW OFFICE OF HECTOR PENA, PLLC**
2101 S Eddy Street
Pecos, TX 79772
Phone: (432) 287-4359
Fax: (432) 756-0080

_____
Hector D. Pena
SBN: 24095944
hectorpena@hectorpenalaw.com

**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

02/14/2026 2:50 AM
Misty Thomas
DistrictClerk
Reeves County, Texas
Cynthia Banuelos

## CAUSE NO. 26-01-26046-CVR

| | | |
|---|---|---|
| ANTONIO QUINTANA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 143RD JUDICIAL DISTRICT |
| | § | |
| WALMART, INC | § | |
| Defendant. | § | REEVES COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

On this day personally appeared **MITCHELL DRAEGER** who, being by me duly sworn, deposed and said:

"The following came to hand on **Jan 27, 2026, 3:53 pm,**

**CITATION & PLAINTIFF'S ORIGINAL PETITION ,**

and was executed at **1999 BRYAN STREET STE 900, DALLAS, TX 75201** within the county of **DALLAS** at **12:05 PM** on **Wed, Jan 28 2026**, by delivering a true copy to the within named

**WALMART, INC BY SERVING ITS REGISTERED AGENT:CT CORPORATION SYSTEM, BY DELIVERING IT TO BRETT BAGWELL, SOP INTAKE**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

**MITCHELL DRAEGER**
Certification Number: PSC# 7995
Certification Expiration: 12/31/2027

BEFORE ME, a Notary Public, on this day personally appeared **MITCHELL DRAEGER**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON **1/30/2026**

Notary Public, State of Texas

KATHY DRAEGER
NOTARY PUBLIC
STATE OF TEXAS
MY COMM EXP 03/20/26
NOTARY ID 12975568-3

Copy from re:SearchTX

**FOR RETURN**

| | |
|---|---|
| MISTY THOMAS | ATTORNEY FOR PLAINTIFF |
| REEVES COUNTY DISTRICT CLERK | OR PLAINTIFF: |
| 143RD DISTRICT COURT | HECTOR PENA |
| PO BOX 848 | 2101 S EDDY ST |
| PECOS, TX 79772 | PECOS, TX 79772 |

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

GREETING:  Defendant          WALMART, INC
                              MAY BE SERVED WITH PROCESS BY SERVING ITS
                              REGISTERED AGENT: CT CORPORATION SYSTEM
                              1999 BRYAN ST., STE. 900
                              DALLAS, TX. 75201-3136

You are hereby commanded to appear by filing a written answer to the Plaintiff's PLAINTIFF'S ORIGINAL PETITION at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of Reeves County, Texas at the Courthouse of said County in Pecos, Texas, filed on 01/26/2026, in this case, numbered 26-01-26046-CVR on the docket of said court, and styled:

ANTONIO QUINTANA
-VS-
WALMART, INC

The nature of Plaintiff's demand is fully shown by a true and correct copy of said Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas, this 27th day of January, 2026.

ATTEST:  MISTY THOMAS, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS

BY: _____
BLANCA DUENAS, DEPUTY

Copy from re:SearchTX

## SHERIFF'S RETURN

Came to hand the _____ day of _____, 2_____ at _____ o'clock ____.M., and executed in _____ County, State of _____. I do hereby CERTIFY that I delivered to the below-named Defendant (or Respondent), in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with this accompanying true and correct copy of the petition, to-wit:

|  | DATE | | |
| NAME | MONTH/DAY/YEAR | HOUR/MIN | PLACE |
| _____ | _____ | _____ | _____ |

Not executed for the following reason: _____ _____. Infor mation received as to the whereabouts of the said Defendant (or Respondent) is:

_____.

I am a disinterested person competent to make oath of the fact.

The distance actually traveled by me in serving such process was _____ miles:
Total fee for serving this citation . . . $_____

To certify which, Witness my hand officially.

SHERIFF of _____ County
State of _____

BY: _____, DEPUTY

_____
Printed Name of Deputy

Subscribed and sworn to by _____ (the above named) before me this the _____ date of _____, 20 ____, to certify which, witness my hand and seal of office.

_____

===============================================================

TO BE USED BY OFFICER OR AUTHORIZED PERSON SERVING THIS CITATION OUT OF STATE. (THE PARTY SERVING THIS CITATION SHALL SIGN AND SWEAR TO THE ABOVE RETURN BEFORE A NOTARY PUBLIC OR OTHER OFFICE AUTHORIZE TO TAKE AFFIDAVITS.)

CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, _____ on the _____ day of _____, 20_____, at _____ o'clock _____. M. this copy of this instrument.

State of _____
By: _____ Deputy

Copy from re:SearchTX